Haynes, J.
A petition has been filed for mandamus. A writ has been allowed, and upon the service of that writ a demurrer has been filed to the petition, and the case stands here upon demurrer to the petition.
It appears from the petition that proceedings were had in the probate court of Summit county to set off and create the school district of Macedonia, and such proceedings were had; that on the 12th day of May, 1898, the district was created and set off, and it was set off in territory situated in Northfield township, in said county. The petition further states that on the first day of September, 1898, — the September following— said board of education of said Northfield township had on hand and in its treasury the sum of $2700, which money had been raised for school purposes by levies theretofore made upon the property of said township including the property embraced in said special school district of Macedonia, and after the first *225 day of September there was demanded of the defendant, the board of education, that it should give to it, the board of education of the special district of Macedonia, its equitable and pro rata share of said sum of $2700, which was denied.
The statute under which said special school district of Macedonia was created made no provision foi a division of said, special school funds which might be in the treasury of said township board, and that, thereafterwards, on April 12th, 1900, the General Assembly of the state of Ohio passed an act. which (after reciting the facts of the case, as they appeared to the legislature)— provided that the board of education .of said Northfield township be hereby authorized to pay to the board of education of said Macedonia special school district the sum of $885.62, as the equitable share of said surplus found due said special school district, being based upon the relative value of said taxable property in said school district and the taxable property of the entire township, and they aver that by virtue of that act they had become entitled to the money, and they pray that a writ of mandamus may issue, and that the defendant may be ordered and directed to pay, or cause to be paid, to the plaintiff the sum of $885.62 with interest on the same from the 22nd day of September, 1900, and to draw its warrant upon its treasurer to draw out of said board from the funds belonging to said board the sum of $885.63.
This ” demurrer has been very ably argued upon several points that are supposed to arise upon the demurrer, and we have endeavored to give the matter very full consideration, and have endeavored to examine the authorities that have been cited by respective counsel.
The question, in our judgment, will turn upon a single point in the case. It will be seen that while this act speaks of this as a surplus fund, it is, in fact, a fund that was in the hands of the board of education of Northfield township' arising from the levies that had been made for the year 1897, — the latter part of 1897, or the last half, would fall due, of course, finally in June, 1898.
It seem¡s that the school board had paid for the maintenance of the school in Macedonia school district up to the conclusion of the school year for 1898, the summer of 1898, but in September, 'when the schools were opened again, the board refused to *226 appropriate any money or to pay over what it is said was surplus money of the school district, to enable them to carry on. the schools. The fund remaining was about $2700. Out of that, of course, was to be paid the cost of maintaining the schools until they could realize on the levy of 1898, which would be collected during the fall of 1898 and be ready for distribution, perhaps, in the January following, or the first of February. So that the real matter that they were after, the-real thing that they were looking for was a division of the school fund that was then in the treasury for the purpose of carrying on the schools for the current year. It may be doubted whether there was any surplus, — strictly surplus; it was a fund that was raised by taxation for school purposes.
The levy of 1898, of course, was made, and the levy of 1899.. The levy of 1898 was presumably collected, and the levy for 1899 for the first half of the year was collected, and in April,. 1900, the legislature passed the act in question. And they undertook to declare that there was a surplus fund in the hands-of the board of education of Northfield township in May, 1898, to a portion of which the board of education of Macedonia school district was entitled — a portion of which was raised by levies upon property in Macedonia school district, and they undertook to order imperatively the payment of $800 of that money to Macedonia special school district. It is urged here before us that this act was retroactive in its character, in its nature. It is admitted that there was no law which authorized the school board of Northfield township to pay over that money to Macedonia school district on May, 1898. And there was no obligation either at law or in equity that could be enforced in any court of justice for the transfer of that money. By the laws of the state of Ohio that was in the hands of the board of education of Northfield township to be used for school purposes, and although a portion of the territory of the township had been withdrawn from their jurisdiction and placed in another school district, still that money remained in their hands to be disposed of and used for school purposes in accordance with the statutes that were in force at the time, and presumably they so used it. In all human probability there is not to-day any portion of that fund, strictly speaking, in the hands of the board. There is no allegation of that kind in the *227 petition, and the petition proceeds upon the theory that they should be ordered to draw a warrant upon the treasurer, upon the current school funds, of the Northfield township school district.
Now, it seems to us very clear that what the statute is intended to create, what it tries to create, is an indebtedness as of the date of May, 1898; that while there was no obligation at that time to pay or transfer this property, or pay it over, the law steps in now and says to the board, you must pay this sum over, it is an indebtedness, and it is argued here if the order is made and there is no money to pay it, then that legal steps may be taken in a court of justice to enforce payment of that claim as an indebtedness resting upon the board of education of Northfield township.
Now, m'ost assuredly, we think that creates a liability that did not exist before, and brings the act within the 15 Ohio St., 210. the definition there of an ex post facto, to-wit the creation of a legal liability that did not before exist, and an attempt to enforce that legal liability.
And we, therefore hold that the statute is unconstitutional, that it is in violation of the second article, section twenty-eight, of the constitution of the state, and the petition will therefore be dismissed at the cost of the relator.
Demurrer to the petition sustained.